762 F.2d 1008
 57 Fair Empl.Prac.Cas. 96
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHARLES W. KIEL, PLAINTIFF-APPELLANT, PLAINTIFF-APPELLEE,
v.
GOODYEAR TIRE & RUBBER CO., DEFENDANT-APPELLEE, DEFENDANT-APPELLANT.
 NO. 83-3758, 83-3754
 United States Court of Appeals, Sixth Circuit.
 3/22/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: LIVELY, Chief Judge; MARTIN and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this discrimination action, plaintiff Charles W. Kiel (Kiel), appealed from an order of the district court denying his motion for reinstatement and defendant Goodyear Tire and Rubber Company (Goodyear) appealed from the district court's order denying its motion for judgment notwithstanding the verdict. Kiel filed this action on April 2, 1982, alleging that Goodyear violated the Age Discrimination in Employment Act, 29 U.S.C. Sec. 623 et seq (the ADEA), by discharging him from his employment with Goodyear in Akron, Ohio.
 
 
 2
 The jury returned a verdict for Kiel in the amount of $20,000 and the district court entered judgment on the verdict. Kiel then filed an application for a preliminary injunction requesting reinstatement to which Goodyear responded with a motion for judgment notwithstanding the verdict. The district court denied both motions.
 
 
 3
 Goodyear contends that the district court erred in denying its motions for directed verdict and judgment notwithstanding the verdict by: (1) failing to find that Kiel retired voluntarily and (2) finding that Kiel established a prima facie case of age discrimination. A plaintiff produces sufficient evidence to avoid a directed verdict when the evidence, viewed in the light most favorable to the non-moving party, would permit a reasonable jury to find in favor of that party. Rose v. Nat'l Cash Register Corp., 703 F.2d 225, 227 (6th Cir.) cert. denied, 104 S.Ct. 357 (1983). This court reviews a denial of a motion for judgment notwithstanding the verdict by applying the same standard as the court below; such motions may be granted only if upon viewing the evidence most favorable to the party opposing the motion, a reasonable trier of fact could draw but one conclusion. Hill v. Spiegel, Inc., 708 F.2d 233, 237 (6th Cir. 1983).
 
 
 4
 Since the testimony concerning the circumstances under which Kiel executed an application for retirement presented an issue of fact as to the voluntariness of his retirement and the jury having resolved the issue of fact against Goodyear, the trial court did not err in denying Goodyear's motions for directed verdict and judgment not withstanding the verdict on that issue. Although Goodyear asserts that the record is devoid of evidence showing that it discriminated against Kiel because of his age, the record reveals sufficient evidence from which the jury could conclude that Kiel was discharged because of his age. The district court, therefore, did not err in denying Goodyear's motions for directed verdict and judgment notwithstanding the verdict by failing to find that Kiel did not establish a prima facie case of age discrimination.
 
 
 5
 Kiel argues that the district court erred in failing to order reinstatement or front pay. In actions brought under the ADEA, the trial court is vested with discretion to award either reinstatement, Cancellier v. Federated Department Stores, 672 F.2d 1312, 1319 (9th Cir.) cert. denied, 459 U.S. 859 (1982); Geller v. Markham, 635 F.2d 1027 (2d Cir. 1980) cert. denied, 451 U.S. 945 (1981), or front pay. Davis v. Combustion Engineering Inc., slip op. No. 82-5471 (6th Cir. August 16, 1984). This court concludes that the district court did not abuse its discretion in refusing to grant reinstatement or front pay.
 
 
 6
 For the reasons discussed above, the judgment of the district court is hereby AFFIRMED.